FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 2 5 2016

MATTHEW J. DYKMAN
CLERK

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

In the Matter of the Seizure of
*(Briefly describe the property to be seized)*
$1,886.00 in U.S. currency

)
)
)  Case No. MR 16-407
)
)

## APPLICATION FOR A WARRANT
## TO SEIZE PERSONAL PROPERTY SUBJECT TO CIVIL FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the _____ District of New Mexico is subject to forfeiture to the United States of America under 21 U.S.C. § 881 *(describe property)*:

$1,886.00 in U.S. currency

The application is based on these facts:
see attached affidavit

☐ Continued on the attached sheet.

_____
Applicant's Signature
SA Jeff McKinley
Printed name and title

Sworn to before me and signed in my presence.

Date: 5-25-16

_____
Judge's signature
Kirtan Khalsa U.S. Magistrate Judge
Printed name and title

City and state: Albuquerque, New Mexico

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT

I, Jeffrey S. McKinley, Special Agent (SA) of the Drug Enforcement Administration (DEA), being duly sworn, state as follows:

## INTRODUCTION

1.  I am an investigative law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7) as a Special Agent of the DEA. As such, I am empowered to conduct investigations of and to make arrests for offenses enumerated in Title 21, United States Code.

2.  I have been a Special Agent since August 2010, and I am currently assigned to the Albuquerque District Office. My experience as a Special Agent includes, but is not limited to, conducting surveillance, interviewing witnesses, debriefing defendants, writing affidavits for and executing search warrants, and working with undercover agents and informants. I have received training in and have experience in the investigation of violations of the federal drug and money laundering laws, including the offenses listed below. I have participated in the investigation of numerous drug trafficking conspiracies, including several Title III investigations. As a result, I am familiar with matters including, but not limited to, the means and methods used by persons and drug trafficking organizations ("DTOs") to purchase, transport, store, and distribute drugs and to hide profits generated from those transactions. I also have experience in analyzing and interpreting drug codes and cryptic dialogue used by drug traffickers.

## PROPERTY TO BE SEIZED

3.  I make this Affidavit in support of an application for the issuance of a Seizure Warrant for:

**United States currency in the amount of $1,886.00,**

1

the ( SUBJECT CURRENCY), which was seized on March 23, 2016, from the person of Robert Organ Sr.(ORGAN).

## BACKGROUND

4. I believe that, based upon the facts detailed in this Affidavit, probable cause exists that the item of property identified in paragraph 3 represents the proceeds of illegal drug trafficking activities and is therefore subject to forfeiture under 21 U.S.C. § 853(a)(1) and 21 U.S.C. § 881(a)(6).

5. I have been peripherally involved in an investigation regarding illegal drugs being illegally distributed in and around Farmington, New Mexico.

6. When I assert that a statement was made, I have either direct knowledge of the statement, or the information was provided by another law enforcement agent (who may have had either direct or hearsay knowledge of the statement), and I have either spoken to the agent or I have read and reviewed the agent's report.

7. Since this Affidavit is being submitted for the limited purpose of securing a Seizure Warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish the foundation for an order authorizing the seizure of the proceeds described in paragraph 3.

## FACTS AND CIRCUMSTANCES

8. On March 23, 2016, Agents of the New Mexico Region II Narcotics Task Force were performing surveillance at the residence of ORGAN, which was 6303 East Main Street in Farmington, New Mexico. Agents were in possession of a state arrest warrant regarding narcotics violations for ORGAN, and were waiting for him to leave the residence in order to take him into custody. The decision to wait until ORGAN left his residence was formulated with regard to

officer safety, primarily because of a search warrant executed at ORGAN's residence in October, 2015, during which several individuals were located within the residence as well as a handgun in plain view. Additionally, ORGAN has an extraordinarily extensive criminal history, some of which were violent offenses.

9. During the aforementioned surveillance on March 23, 2016, Agent Corban Davis, at approximately 12:27 p.m., observed ORGAN open the hood to his Chevrolet pickup truck. Agent Davis observed what he believed to be ORGAN placing something under the hood and/or quickly retrieving something from under the hood. Agent Davis stated ORGAN immediately closed the hood, and obviously did not work on anything under the hood.

10. At approximately 12:28 p.m., Agents observed ORGAN and a female subject, later identified as Autumn Roberts, leave the residence via ORGAN's Chevrolet pickup truck. A traffic stop was initiated on the vehicle in the 5000 block of Main Street in Farmington.

11. ORGAN was taken into custody under authority of the arrest warrant, and was searched incident to arrest. Approximately $1,896.00 (SUBJECT CURRENCY) was located on his person, along with approximately 1.7 grams of suspected methamphetamine and approximately 0.9 gross grams of suspected heroin, as well as a pipe commonly used to ingest methamphetamine.

12. Autumn Roberts was also found to have an arrest warrant as well. She was found to have a purse on the passenger floorboard, which was inventoried incident to the towing of the vehicle. Inside the purse, Agents located syringes and a rubber band commonly used to inject drugs, and Agents also observed what they believed to be ORGAN's cellular phone on the driver's seat. The vehicle was then sealed in anticipation of a search warrant.

13. On March 24, 2016, Agents served a search warrant on the vehicle driven by Organ Sr. on March 23, 2016. Pursuant to the warrant, Agents located the following: a black case, under the hood of the vehicle on the passenger side, which contained approximately 64 gross grams of suspected heroin in three different packages, approximately 20 gross grams of suspected methamphetamine, approximately 13 gross grams of suspected marijuana, 14 Buprenorphine hydrochloride pills, and 5 Alprazolam pills. In addition, Agents located two cellular phones in the vehicle, a small amount of suspected heroin in the aforementioned purse, a spoon with residue in the purse, a rubber band and syringes in the purse, and an application for vehicle and registration title addressed to ORGAN, which was located in the glove box.

14. The suspected heroin and methamphetamine later field tested positive for each respective substance. Based upon my training and experience, the heroin and methamphetamine located under the hood of the truck were consistent with trafficking amounts of each respective substance.

15. Organ Sr. was initially booked into jail on March 23, 2016, in the San Juan County Jail in New Mexico. On March 24, 2016, after serving the search warrant against the vehicle which Organ Sr. was operating on March 23, Agent Davis spoke with the Commissary Manager at San Juan County Jail, who advised Agent Davis ten dollars were charged from Organ Sr. because of a booking fee, and provided him with a total amount of money on Organ Sr.'s account of $1,866.00. However, when Agent Davis retrieved the money from the Jail following the discovery of the items located within his truck, Agent Davis retrieved $1,886.00. SA McKinley spoke with Agent Davis on May 18, 2016, regarding the discrepancy. Agent Davis stated either the Commissary Manager originally provided him the incorrect amount of $1,866.00, or that he committed a "typo" in transcribing the amount within his report. Additionally, he added that when

he retrieved the money from the jail, the Commissary Manager informed him that ten dollars had been taken from the account for the booking fee, and that no money had been added to his account.

16. On April 26, 2016, Judge William Lynch of the District of New Mexico signed an arrest warrant for ORGAN for Possession with Intent to Distribute a Controlled Substance, stemming from the incidents on both March 23 and 24, 2016. ORGAN was later transferred to federal custody, where he remains.

17. On May 18, 2016, SAs McKinley and Patricia Whelan transported the SUBJECT CURRENCY to Loomis for an official count, which was $1,886.00.

18. Additionally, on May 18, 2016, SA McKinley received information from New Mexico Workforce Solutions that ORGAN did not display reported wages in the State of New Mexico dating back to 2010.

19. Based on the above facts and circumstances, there is probable cause to believe, and I do believe, that the aforementioned SUBJECT CURRENCY that was property of ORGAN, represents proceeds of illegal drug trafficking as described in Title 21, United States Code. As such, the aforementioned property of Organ Sr. is seizable and forfeitable to the United States Government pursuant to 21 U.S.C. § 881(a)(6) and 21 U.S.C. § 853.

I, therefore, request that the Court issue a Seizure Warrant as authorized under 21 U.S.C. § 853(f) because:

a. There is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture, and

b. An order under 21 U.S.C. § 853(e) may not be sufficient to assure the availability of the property for forfeiture.

I swear that this information is true and correct to the best of my knowledge.

_____
Jeffrey S. McKinley, Special Agent
Drug Enforcement Administration

Subscribed to and sworn to before me, this 25th of May, 2016

_____
United States Magistrate Judge